Dear Mr. Burson:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the St. Landry Parish Police Jury relative to the Job Training Partnership Act (JTPA). The United States Congress established the Job Training Partnership Act to provide job training and placement services to eligible residents of the Service Delivery Area, and charged Louisiana with the establishment of local Service Delivery Areas. Acadia, Evangeline, Iberia, St. Landry, St. Martin, St. Mary and Vermilion Parishes constitute local Service Delivery Area Forty. On May 16, 1995 a motion was adopted by this consortium of parishes for Planning District IV, Service Delivery Area Forty, making a plan modification by naming the Private Industry Council to be the new Administrative Entity for the JTPA program to be operated in the Service Delivery Area with the proviso that the votes of the Parish Presidents taken to make the modification were approved by the Police Juries of each Parish where such approval was required and to be effective October 1, 1995, and advertisement of the action was made. In the agreement between the parishes, the President of St. Landry Parish was selected as representative of all the participating parishes and named as grant recipient, and it was stated in the event of disagreements, a majority vote of the Presidents of the units of government in the consortium would be the determining factor to resolve the disagreement.
In connection with this resolution the St. Landry Parish Police Jury presents to this office the following questions:
 1. Could the president of the St. Landry Parish Police Jury approve on behalf of the Police Jury transfers from Title II C JTPA Summer Youth Employment Program, and Title II B JTPA assistance to student students enrolled in trade school with a prior resolution of the Police Jury authorizing them to take that action;
 2. Could the St. Landry Parish Police Jury subsequently ratify the action of the Police Jury President and authorizing the transfer by accepting the action after the fact;
 3. Could the President of the St. Landry Parish Police Jury act on behalf of the Police Jury to approve a new administrative entity to operate JTPA Program and Service Delivery Area Forty of the State of Louisiana without a resolution of the Police Jury approving the Resolution of Consortium when the Resolution of Consortium states:
 * * * provided that the votes of Parish Presidents herein taken shall be subject to approval by the Police Juries of each parish where such approval is required by law; and
 4. If not, could the Police Jury passively ratify the action of the president by accepting the new administrative entity.
As we understand your questions, they are each relative to the authority of the St. Landry Police Jury to pre-approve or subsequently ratify the action of the President of the Parish in regard to changes under the JTPA.
We would first note that by R.S. 23:2021 the legislature declared its acceptance of all of the provisions of the JTPA and stated it would observe and comply with all requirements of that Act, and the requirement to establish a state job training coordinating council.
We do not find your questions controlled by the Act but a matter of local authority, but the Act, if pertinent, would control.
In accordance with R.S. 33:1236(1) the police jury is empowered "to make regulations for their own government". In exercise of this authority, we recognize that a resolution passed by the parish police jury is distinguishable from an ordinance it passes in that the latter carries the force and effect of law, while the former expresses the opinion of the police jury or addresses administrative matters. However, a resolution is binding upon the police jury that enacts the same, and must be formally rescinded in order to be abrogated.
Since the resolution is binding upon the police jury that enacts it, we would conclude pursuant to a resolution the parish president can be authorized to approve transfers that are permitted under the program without further approval on the part of the police jury, or his action approving the transfer could be subsequently ratified by a resolution if the authority was not already approved by a resolution of the Police Jury. Obviously, without a resolution giving the President the authority to act for the Police Jury, the action prior to ratification by the police jury would be questionable until approved. This would be in accord with the provision of the resolution of the Consortium that requires the "votes of the Parish President herein takenshall be subject to approval by the Police Juries of each parish where such approval is required by law." However, by a resolution giving him authority to act on behalf of the police jury, his actions would be binding upon them without further approval. Without a prior resolution granting him this authority, we feel it is necessary that approval be given by the police jury following action of the President.
We do not feel passive ratification is intended by the consortium's agreement, and it certainly would create an uncertain situation as to when it might be determined that this passive ratification has occurred. The resolution requires votes of the Parish President "shall be subject to approval of the Police Juries of each Parish", and the better policy would be a clear ratification of the President's action unless a prior resolution already granted him the authority to act on their behalf. However, we cannot say that there could never be passive ratification, but that would be a question to determine from the facts which we would not be in a position to reach.
Consequently, we believe that the Parish President's actions are binding upon the Police Jury when agreed to by them either by a resolution giving him the power to act on their behalf prior to his action, or a resolution affirming his completed action if there was no prior resolution.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR